# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Case No. 1:11-CV-02239 (RLW) |
| | ) | |
| **GRACO INC.,** | ) | |
| | ) | |
| **ILLINOIS TOOL WORKS INC.,** and | ) | |
| | ) | |
| **ITW FINISHING LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

## OPPOSITION OF PLANTIFF FEDERAL TRADE COMMISSION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE AND TO TRANSFER

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

I.     THE MOTION TO DISMISS SHOULD BE DENIED ..................................................... 3

    *A.*    *The Court Has Personal Jurisdiction Over the Defendants* ................................... 3

    *B.*    *Venue Is Properly Alleged in the Complaint* ........................................................... 6

II.    THE MOTION TO TRANSFER SHOULD BE DENIED ................................................ 7

    *A.*    *Public Interest Factors: Local Interest* .................................................................... 8

    *B.*    *Public Interest Factors: Court Congestion and Familiarity with Governing Law* .. 9

    *C.*    *Private Interest Factors: Plaintiff's Choice of Forum* ........................................... 10

    *D.*    *Private Interest Factors: Defendants' Choice of Forum* ........................................ 11

    *E.*    *Private Interest Factors: Where the Case Arose* .................................................... 11

    *F.*    *Private Interest Factors: Convenience of the Witnesses and Parties* ..................... 13

    *G.*    *Private Interest Factors: Access to Evidence* ......................................................... 15

III.    CONCLUSION ............................................................................................................. 16

## TABLE OF AUTHORITIES

*Cases*

*Bally Gaming, Inc. v. Kappos*, 789 F. Supp. 2d 41 (D.D.C. 2011)................................................4

*Boland v. Fortis Construction Co.*, 796 F. Supp. 2d 80 (D.D.C. 2011) ........................................4

*Briggs v. Goodwin*, 569 F.2d 1 (D.C. Cir. 1977), *rev'd on other grounds sub nom. Stafford v. Briggs*, 444 U.S. 527 (1980) ..................................................................................................................3

*Fanning v. Capco Contractors, Inc.*, 711 F. Supp. 2d 65 (D.D.C. 2010)..................................8, 15

*FTC v. Cephalon, Inc.*, 551 F. Supp. 2d 21 (D.D.C. 2008) ......................................................12, 14

*FTC v. Laboratory Corp. of Am.*, 2011 WL 3100372 (C.D. Cal. Mar. 11, 2011) ........................13

*FTC v. Laboratory Corp. of Am.*, Order, No. 10-cv-2053 (D.D.C. Dec. 3, 2010) ......................12

*FTC v. Mallett*, No. 11-cv-01664, 2011 WL 4852228 (D.D.C. 2011) ...........................................4

*FTC v. Phoebe Putney Health Sys., Inc.*, 793 F. Supp. 2d 1356 (M.D. Ga. 2011), *aff'd*, 2011 WL 6118565 (11th Cir. Dec. 9, 2011) ...................................................................................................13

*FTC v. ProMedica Health Sys., Inc.*, 2011 WL 1219281 (N.D. Ohio Mar. 29, 2011)..................13

*FTC v. Watson Pharms., Inc.*, 611 F. Supp. 2d 1081 (C.D. Cal. 2009).........................................12

*Gipson v. Wells Fargo & Co.*, 563 F. Supp. 2d 149 (D.D.C. 2008)................................................6

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) ...........................................................................8

*Icon Indus. Controls v. Cimetrix*, 921 F. Supp. 375 (D. La. 1996) ................................................7

*Kingsepp v. Wesleyan Univ.*, 763 F. Supp. 22 (S.D.N.Y. 1991) ................................................6, 7

*McCracken v. Automobile Club of S. Cal.*, 891 F. Supp. 559 (D. Kan. 1995) ...............................7

*Piper Aircraft v. Reyno*, 454 U.S. 235 (1981) ............................................................................10

*SEC v. Bilzerian*, 378 F.3d 1100 (D.C. Cir. 2004) ...................................................................3, 4

*Shapiro, Lifschitz & Schram, P.C. v. Hazard*, 24 F. Supp. 2d 66 (D.D.C. 1998) ........................10

*Sierra Club v. Van Antwerp*, 523 F. Supp. 2d 5 (D.D.C. 2007) ....................................................10

*Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Res., Inc.*, 196 F. Supp. 2d 21 (D.D.C. 2002)...10

*U.S. v. Bowdoin*, 770 F. Supp. 2d 133 (D.D.C. 2011) ....................................................................14

*\*U.S. v. H&R Block, Inc.*, 789 F. Supp. 2d 74 (D.D.C. 2011).............................................*passim*

*U.S. v. Microsemi Corp.*, No.1:08-cv-1311, 2009 WL 577491 (E.D. Va. Mar. 4, 2009) ...............7

*U.S. ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871 (D.C. Cir. 2010).....................5


### Administrative Decisions

Order Denying Respondents' Motion to Set Hearing Location, *In the Matter of Lab. Corp. of Am.*, FTC Docket No. 9345 (Chappell, A.L.J. Jan. 19, 2011),
http://www.ftc.gov/os/adjpro/d9345/110119labcorporder.pdf ......................................................12

Order Denying Respondent's Motion to Set Hearing Location, *In the Matter of North Carolina Board of Dental Examiners*, FTC Docket No. 9343 (Chappell, A.L.J. Jan. 25, 2011),
http://www.ftc.gov/os/adjpro/d9343/110125aljorddenyrespmo.pdf..............................................12

Scheduling Order, *In the Matter of OSF Healthcare System*, FTC Docket No. 9349 (Chappell, A.L.J. Dec. 20, 2011), http://www.ftc.gov/os/adjpro/d9349/111220aljschedord.pdf ..................11

Order Denying Respondent's Motion to Set Hearing Location, *In the Matter of ProMedica Health System, Inc.*, FTC Docket No. 9346 (Chappell, A.L.J. Mar. 29, 2011),
http://www.ftc.gov/os/adjpro/d9346/110329aljorddenyrespmosethearinglocat.pdf .....................12


### Statutes

Section 13(b) of the FTC Act, 15 U.S.C. § 53(b) .................................................................. *passim*

28 U.S.C. § 1391(b)(1) .................................................................................................................6

28 U.S.C. § 1391(c) .......................................................................................................................6

28 U.S.C. § 1404(a) .......................................................................................................................7

28 U.S.C. § 1406(a) .......................................................................................................................6

*Federal Rules of Civil Procedure*

FRCP 4(k)(1)(C) ........................................................................................................................5, 6

FRCP 12(b)(3) ...............................................................................................................................6

*Other*

Federal Court Management Statistics, Administrative Office of the United States Courts (June 2011), http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2011Jun.pl ..................................9

## INTRODUCTION

In this action, the Federal Trade Commission seeks a temporary restraining order and a preliminary injunction preventing Defendants Graco, Inc. ("Graco"), Illinois Tool Works Inc., and ITW Finishing Inc. (together, "ITW") from consummating, until completion of an ongoing administrative proceeding, an acquisition agreement that would combine the leading industrial liquid finishing equipment producers. In that proceeding, the Federal Trade Commission ("FTC" or "the Commission") will consider and determine whether the acquisition is likely to harm competition. The pending administrative adjudication will address allegations that the acquisition would result in a dominant competitor, as well as concerns that the remaining industrial liquid finishing equipment manufacturers are less significant competitors and suffer from poorer access to and support from independent distributors—necessary ingredients of successful competition in this industry. The administrative trial on the merits will begin on May 15, 2012. Action by this Court is necessary to preserve the possibility of effective relief by preventing consummation of the transaction until the administrative proceeding concludes and to prevent interim competitive harm during its pendency.

Defendants ask this Court to dismiss this action, or in the alternative, to transfer the case to the District of Minnesota.[1] Graco alleges that its ties to the District of Columbia are not sufficient to confer personal jurisdiction over it, or to establish venue in this Court. In support of

---

[1] Defendant ITW has now joined in Graco's motion to dismiss or transfer in a pleading served on Plaintiff on December 20, 2011. This is a puzzling development because during the investigation that led to this lawsuit ITW consented to jurisdiction in "all federal districts within the United States." Letter from Logan M. Breed, counsel for ITW, to Robert Friedman, Federal Trade Commission, Oct. 13, 2011, Ex. 1. ITW has offered no basis for its repudiation of its earlier consent. Accordingly, the Court should deny ITW's motion to dismiss or transfer.

its motion, Graco relies on cases from this and other circuits analyzing the requirements of various long-arm jurisdictional statutes that have no bearing on this matter. The Commission brings this action pursuant to a federal statute, Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), which authorizes service of process nationwide. This Circuit could not have spoken more clearly when it said that under these circumstances, the inquiry relevant to personal jurisdiction is whether the defendant has minimum contact *with the United States*. When the appropriate legal standard is applied, there is no serious question that this Court has personal jurisdiction over the Defendants in this case, and that venue is proper in this Court.[2]

Transfer is also unwarranted. This district is the choice of the Plaintiff Federal Trade Commission. The dispute is national, affects customers nationwide, and has no greater competitive significance in one city than any other. This claim arises in this district because its purpose is to protect the Commission's ability to impose effective relief, if appropriate, in an ongoing administrative proceeding in this district into the antitrust merits of the transaction and to prevent interim competitive harm prior to the conclusion of that proceeding. If, as in most recent Section 13(b) preliminary injunction cases like this one, the Court proceeds without an evidentiary hearing, no third-party witnesses will be inconvenienced. If the Court does hold an evidentiary hearing, this district would appear to be as convenient as Minnesota, if not more so, for nine—more than half—of the seventeen potential third-party witnesses the Defendants identified. Nor can Graco seriously contend that the District is an inconvenient forum when it has agreed to litigate any dispute with ITW about the transaction in Delaware, even further from Minneapolis than the District of Columbia.

---

[2] Because ITW joined Graco's motion but did not set forth separate arguments in support of the motion, the remainder of this brief addresses Graco's contentions.

I.       THE MOTION TO DISMISS SHOULD BE DENIED

   *A.      The Court Has Personal Jurisdiction Over the Defendants*

   The contention that the Court lacks personal jurisdiction over the Defendants in this case

is without merit.  Graco acknowledges that the Commission brings this action pursuant to

Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), but it quotes selectively from the operative

language to support its argument.  The full relevant language states:

> Any suit may be brought where such person, partnership, or corporation resides or
> transacts business, or wherever venue is proper under section 1391 of title 28.  In
> addition, the court may, if the court determines that the interests of justice require
> that any other person, partnership, or corporation should be a party in such suit,
> cause such other person, partnership of corporation to be added as a party without
> regard to whether venue is otherwise proper in the district in which suit is
> brought.  In any suit under this section, process may be served on any person,
> partnership, or corporation wherever it may be found.

The "transacts business" language is not, as Graco contends, a jurisdictional limitation.  It is,

instead, a venue provision, which we discuss below.

   By its clear terms, Section 13(b) authorizes service on a defendant wherever he or she

may be found, including nationwide.  The law in this Circuit is clear.  When a defendant

challenges a federal court's personal jurisdiction in an action arising under a federal statute that

authorizes nationwide service of process, the relevant inquiry is whether the defendant has

minimum contacts *with the United States.  See Briggs v. Goodwin*, 569 F.2d 1, 8-10 (D.C. Cir.

1977), *rev'd on other grounds sub nom. Stafford v. Briggs*, 444 U.S. 527 (1980) (rejecting the

requirement that the defendant have substantial contacts with the District of Columbia).  The

D.C. Circuit has repeatedly reaffirmed this principle.  *See, e.g., SEC v. Bilzerian,* 378 F.3d 1100,

1106 n.8 (D.C. Cir. 2004) ("This circuit has held that the requirement of 'minimum contacts'

with a forum state is inapplicable where the court exercises personal jurisdiction by virtue of a

federal statute authorizing nationwide service of process. . . . [Then] minimum contacts with the

3

United States suffice.").

This Court has recently and consistently followed *Briggs*. *Boland v. Fortis Construction Co.,* is particularly instructive on this point:

> [The] concept of nationwide service of process may seem at odds with the basic due process concerns of the personal jurisdiction inquiry. However, this "issue has several times been considered by judges in the District Court; each has agreed that nationwide service suffers from no constitutional infirmity." Accordingly, "when a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts *with the United States.*"

*Boland v. Fortis Construction Co.*, 796 F. Supp. 2d 80, 89 (D.D.C. 2011) (citations omitted). At least two other opinions on this issue have come from this Court in the past year alone, including in an action by the Commission under Section 13(b). In *FTC v. Mallett*, No. 11-cv-01664, 2011 WL 4852228, at *3 (D.D.C. 2011), the Court described the Commission's burden in establishing personal jurisdiction in a Section 13(b) matter as "relatively light," and held personal jurisdiction was established where the defendant resided in the United States and actively solicited business in this country. Also, in *Bally Gaming, Inc. v. Kappos*, 789 F. Supp. 2d 41 (D.D.C. 2011), this Court asserted personal jurisdiction based on the defendant's ties to the United States. 789 F. Supp. 2d at 45-46.

Graco claims that service on it would violate the constitutional requirement that the Court's exercise of personal jurisdiction satisfy the Due Process Clause. *See* Memorandum of Law in Support of Graco's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and to Transfer ("Graco's Brief") at 3-4. This Circuit has considered and rejected the claim that the Due Process Clause bars exercise by this Court of personal jurisdiction over a defendant without minimum contacts with the District. *See, e.g., Bilzerian*, 378 F.3d at 1106 n.8 ("We also reject [the] contention that, even if § 1692 authorizes the exercise of personal

4

jurisdiction over [the defendant], to do so would violate the Due Process Clause because he lacks

'minimum contacts' with the District of Columbia."). Service of process establishes personal

jurisdiction when authorized by a statute of the United States. *See* FRCP 4(k)(1)(C). Section

13(b) of the FTC Act authorizes service wherever the defendant is "found." Graco does not deny

that it was served where it was found and does not and cannot deny that it has contacts with the

United States, which is its principal place of business and home to its headquarters.

Moreover, Graco actively solicits business in the District of Columbia. Graco sells its

products nationwide primarily through distributors, and purposefully sells to distributors in this

district. Graco distributors have stores in this district at which they sell Graco products.[3] In

addition, Graco's website and its distributors' websites promote Graco products to customers in

this district.[4] Graco's active solicitation of business in the District of Columbia is sufficient to

confer personal jurisdiction over it on this Court even under the long-arm standard Graco asserts.

*See U.S. ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 887 (D.C. Cir. 2010)

("minimum contacts" established when the defendant "'purposefully directed [its] activities at

residents of the forum and the litigation results from alleged injuries that arise out of or relate to

those activities.'" (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985))).

---

[3] *See* http://www.grainger.com/Grainger/wwg/branchSearchResults.shtml?currentAction =mapCursor&mapCursor=912&branchSearchSuccess=success.branchsearch (Grainger webpage providing driving directions to Grainger store at 331 N St. NE, Washington, D.C.).

[4] *See, e.g.*, http://www.graco.com/Internet/T_PDB.nsf/SearchView/AirProAutomatic (Graco webpage showing Graco AirPro Automatic Air Spray Gun, with tab, "Where to Buy," for retrieving names of distributors nearest viewer's zip code); http://www.grainger.com/Grainger/graco/ecatalog/N-1z0qjct?xi=xi (distributor webpage showing that a search for Graco products identified 44 for sale).

### B.    Venue Is Properly Alleged in the Complaint

Graco also asserts that venue as alleged in the Complaint is improper and asks the Court

to dismiss the Complaint pursuant to FRCP 12(b)(3) and 28 U.S.C. § 1406(a), which provide for

dismissal or transfer if there is a defect in venue as it is alleged in the complaint. Graco's Brief

at 1-7. The interests of justice, however, usually require a transfer rather than dismissal for

failure to allege proper venue. *See Gipson v. Wells Fargo & Co.*, 563 F. Supp. 2d 149, 155

(D.D.C. 2008).

Venue is proper in the District of Columbia because all three defendants are subject to

personal jurisdiction in this District, and, therefore, are said to "reside" here. *See Kingsepp v.*

*Wesleyan Univ.*, 763 F. Supp. 22, 28 (S.D.N.Y. 1991). Section 13(b)(2) allows the Commission

to bring suit wherever venue "is proper under section 1391 of Title 28." Under Section 1391(b),

venue is proper in a judicial district where any defendant resides, if all defendants reside in the

same state, and a corporate defendant "is deemed to reside in any judicial district in which it is

subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). As

set forth above, all defendants are subject to personal jurisdiction in this district because Section

13(b) permits service upon them anywhere they "may be found," 15 U.S.C. § 53(b), and Federal

Rule of Civil Procedure 4(k)(1)(C) provides that service of process establishes personal

jurisdiction over a defendant when authorized by a federal statute. Thus, for purposes of venue,

Graco is deemed to reside in this district.

Courts have generally adopted the plain meaning of 28 U.S.C. § 1391: If a defendant

corporation is subject to the court's personal jurisdiction by virtue of a nationwide service of

process statute, the defendant corporation resides in that district for purposes of venue.

*See McCracken v. Automobile Club of S. Cal.*, 891 F. Supp. 559, 562-63 (D. Kan. 1995). In

*Kingsepp*, the court had personal jurisdiction over two of the defendant corporations because the

Clayton Act provides for nationwide service of process and they had minimum contacts with the

United States. 763 F. Supp. at 25. Therefore, venue was proper in the Southern District of New

York without regard to those defendants' contacts with that district. *Kingsepp*, 763 F. Supp. at

27-28; *see also Icon Indus. Controls v. Cimetrix*, 921 F. Supp. 375, 376-77, 382 (D. La. 1996)

(although an apparent departure from traditional notions that venue lies where the defendant

resides or events giving rise to the litigation occurred, in a Clayton Act case with nationwide

service of process, the conclusion that venue is appropriate "in any district" "is supported both

by the wording of the referenced statutes and by the pertinent jurisprudence").[5]

## II.     THE MOTION TO TRANSFER SHOULD BE DENIED

Graco has also failed to carry its burden of establishing that the Court should transfer this

matter to the District of Minnesota. Thus, the Court should deny the motion to transfer.

Section 1404(a) of Title 28 governs the motion. That statute provides that, "[f]or the

convenience of parties and witnesses, in the interest of justice, a district court may transfer any

civil action to any other district or division where it might have been brought." 28 U.S.C.

§ 1404(a). The party seeking transfer bears a "'heavy burden,'" and "'a court will not order

transfer unless the balance is strongly in favor of the defendant.'" *U.S. v. H&R Block, Inc.*, 789

F. Supp. 2d 74, 78 (D.D.C. 2011) (*quoting U.S. v. Microsemi Corp.*, No. 1:08-cv-1311, 2009 WL

577491, at *6 (E.D. Va. Mar. 4, 2009)).

In considering a motion to transfer under 28 U.S.C. § 1404(a), courts consider both

public and private factors. The public factors are: "'(1) the local interest in making local

decisions about local controversies; (2) the relative congestion of the transferee and transferor

---

[5] As Plaintiff is prepared to demonstrate, the Defendants also meet the "transacts business" test
for venue.

courts; and (3) the potential transferee court's familiarity with the governing law.'" *H&R Block,*
789 F. Supp. 2d at 78 (*quoting Bederson v. U.S.,* 756 F. Supp. 2d 28, 46 (D.D.C. 2010)); *see also*
*Fanning v. Capco Contractors, Inc.,* 711 F. Supp. 2d 65, 69 (D.D.C. 2010). The private interest
factors are: "'(1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where
the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses; and
(6) or the ease of access to the sources of proof.'" *H&R Block,* 789 F. Supp. 2d at 78 (*quoting*
*Bederson,* 756 F. Supp. 2d at 46); *see also Fanning,* 711 F. Supp. 2d at 69.

   A.  *Public Interest Factors: Local Interest*

        This case—and the underlying administrative adjudicatory proceeding—relate to an
acquisition whose competitive effects will reverberate nationwide. The Complaint commencing
the administrative case alleges that the geographic market relevant to analyzing the acquisition is
North America. Complaint, *In the Matter of Graco Inc.* ¶ 32, FTC Docket No. 9350 (Dec. 15,
2011) (Redacted Public Version), http://www.ftc.gov/os/adjpro/d9350/111215gracoadmincmpt.
pdf; *see also* the Complaint in this proceeding at ¶ 39. The preliminary injunction hearing
involves no "local controversy" specific to Minnesota and there is no distinguishing local-
interest factor weighing in favor of transferring this proceeding to that jurisdiction.

        The Supreme Court initially formulated the "localized controversy" element of the venue
transfer standard to avoid having "litigation . . . piled up in congested centers," thereby imposing
an unfair burden on citizens in those communities who had to serve on juries. *Gulf Oil Corp. v.*
*Gilbert,* 330 U.S. 501, 508-09 (1947). There will be no jury in this preliminary injunction
proceeding.

        Graco contends that transfer is appropriate because it employs thousands of people in
Minnesota. *See, e.g.,* Graco's Brief at 2. The relevance of this fact is unclear. Graco does not

suggest that thousands of its employees will be witnesses who would have to travel if this proceeding takes place in this district. Nor does Graco suggest that jobs will be gained or lost in the District of Minnesota as a result of this proceeding, or even because of the related administrative adjudication on the merits. Were future jobs relevant to the motion to transfer, Illinois would seem to be a more appropriate venue: It is in Illinois, where ITW is headquartered, that jobs are likely to be lost if the acquisition closes. In short, the existence of thousands of Graco employees in the District of Minnesota is irrelevant to the Court's consideration of this motion to transfer.

### B. Public Interest Factors: Court Congestion and Familiarity with Governing Law

Court congestion is not appreciably different in the District of Minnesota and the District for the District of Columbia. The number of cases per judge is higher in Minnesota. Time to trial is longer in D.C., but this matter will not go to a full trial in federal district court. Time from filing to disposition is approximately the same in the two districts.[6]

D.C. courts are far more familiar, however, with the administrative law and procedure relevant to this preliminary injunction proceeding than are the courts in Minnesota. While federal judges in both districts are familiar with the substantive antitrust merger statutes, this proceeding will not include a trial on the antitrust merits of the transaction; that issue is before the FTC Administrative Law Judge and will ultimately be resolved by the Commission. The administrative issues relevant to this interim proceeding arise routinely in the district for the District of Columbia, and much less frequently in the District of Minnesota.

---

[6] According to June 2011 statistics published by the Administrative Office of the United States Courts, the District of Columbia has 269 cases pending per judge, a median time of 38.2 months from filing to trial, and a median time of 6.6 months from filing to disposition in civil cases. For the District of Minnesota, the same statistics show 593 cases pending per judge, a median time of 24.6 months from filing to trial, and a median time of 6.8 months from filing to disposition in civil cases. http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2011Jun.pl.

### C. Private Interest Factors: Plaintiff's Choice of Forum

Federal civil procedure grants certain procedural benefits to one side, and other benefits to the other. For example, the plaintiff ordinarily selects the forum, but it also bears the burden of proof in the substantive proceeding. Thus, the plaintiff's choice is "a paramount consideration" in the determination of any transfer request, *Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Res., Inc.*, 196 F. Supp. 2d 21, 31 (D.D.C. 2002) (*quoting Sheraton Operating Corp. v. Just Corporate Travel*, 984 F. Supp. 22, 25 (D.D.C. 1997)); the plaintiff's choice is due "substantial deference." *Shapiro, Lifschitz & Schram, P.C. v. Hazard*, 24 F. Supp. 2d 66, 70-71 (D.D.C. 1998). The plaintiff's choice of forum carries additional weight when a federal antitrust agency has chosen its home forum. *See H&R Block*, 789 F. Supp. 2d at 78-79 (observing that some courts have given "heightened respect" to a choice of venue by a federal antitrust agency) (*quoting U.S. v. Brown Univ.*, 772 F. Supp. 241, 242 (E.D. Pa. 1991)); *see also Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981) (home forum); *Sierra Club v. Van Antwerp*, 523 F. Supp. 2d 5, 11 (D.D.C. 2007) (same); *Thayer/Patricof*, 196 F. Supp. 2d at 31 (same). This district is where the FTC has its headquarters, and this district is its "home district."

Courts give less deference to the plaintiff's choice only if there is *no* meaningful connection between the forum and the controversy. *See H&R Block*, 789 F. Supp. 2d at 79. Here, the controversy is whether a preliminary injunction should issue to preserve the possibility of effective relief regarding the challenged acquisition and to prevent interim competitive harm from the acquisition during the pendency of that proceeding. And that acquisition is national in scope—it affects this district as well as districts all across the country.

### D. Private Interest Factors: Defendants' Choice of Forum

Minneapolis may be a more convenient forum for Graco's executives than the District of Columbia, but given the other circumstances of this case, this should not be an important factor in the Court's decision. *H&R Block*, 789 F. Supp. 2d at 81 ("When considering the convenience of the witnesses, courts typically give greater weight to the convenience of non-party witnesses than to the convenience of party witnesses."). Moreover, Graco's executives are sophisticated businesspeople who operate a far-flung business operation. They surely travel outside Minneapolis frequently. As for ITW, the declarant who attested to his support of the motion to transfer is in Toledo, Ohio, which is closer to the District of Columbia than to Minneapolis.

### E. Private Interest Factors: Where the Case Arose

Two considerations relevant to venue are where the case arose and the related issue of the substance of the case. Both support retaining venue in this district.

First, this is a preliminary injunction proceeding in aid of an ongoing administrative action on the antitrust merits of the acquisition, an action that is pending before an FTC Administrative Law Judge in the District of Columbia. In a procedural sense, this case arises out of that administrative action. That action will continue regardless of where this preliminary injunction proceeding is heard. While Graco has announced its intention to move to hold the administrative proceeding in Minnesota, Graco's Brief at 8 n.6, it is unlikely to prevail if it chooses to file such a motion. The FTC has one Administrative Law Judge. He has a full docket of matters in this district, including a trial scheduled for April.[7] Given his workload here, he is unlikely to convene this administrative proceeding outside of this district and has denied recent

---

[7] Scheduling Order, *In the Matter of OSF Healthcare System*, FTC Docket No. 9349 (Chappell, A.L.J. Dec. 20, 2011), http://www.ftc.gov/os/adjpro/d9349/111220aljschedord.pdf.

motions to hold hearings elsewhere.[8]  The association between this case and the administrative

proceeding in D.C., which will involve much of the same evidence and testimony and the same

attorneys for all three parties, weighs strongly in favor of retaining this case in this district.

Some of the cases cited by Graco in which FTC actions were transferred to a venue of the

defendant's choice were actions in which there was an indirectly related case in the transferee

forum. *See, e.g., FTC v. Laboratory Corp. of Am.*, Order, No. 10-cv-2053 (D.D.C. Dec. 3, 2010)

(related bankruptcy proceeding in transferee court); *FTC v. Watson Pharms., Inc.*, 611 F. Supp.

2d 1081 (C.D. Cal. 2009) (FTC suit challenged a settlement reached in a private action in the

transferee court); *FTC v. Cephalon*, 551 F. Supp. 2d 21 (D.D.C. 2008) (related private antitrust

litigation in transferee court).  In this matter, the directly related administrative proceeding is

underway in this district and weighs in favor of retaining venue here.  Moreover, there is no

directly or indirectly related case pending in the District of Minnesota, and thus no risk of

incompatible or inconsistent judgments. *See Cephalon*, 551 F. Supp. 2d at 29.

Next, Graco asserts that the cause of action in this proceeding accrued in April 2011 in

Minneapolis, the time and place it and ITW negotiated the Asset Purchase Agreement.  *See*

Graco's Brief at 5, 14.  This case arises, however, out of the possible future consummation of

that agreement, not the agreement itself.  Consummation has not yet occurred—that is why it is

still possible to obtain a preliminary injunction against it.  (Indeed, were consummation set for an

indefinite time in the distant future, this case likely would not be ripe for decision.)

---

[8] *See, e.g.*, Order Denying Respondent's Motion to Set Hearing Location, *In the Matter of ProMedica Health System, Inc.*, FTC Docket No. 9346 (Chappell, A.L.J. Mar. 29, 2011), http://www.ftc.gov/os/adjpro/d9346/110329aljorddenyrespmosethearinglocat.pdf; Order Denying Respondent's Motion to Set Hearing Location, *In the Matter of North Carolina Board of Dental Examiners*, FTC Docket No. 9343 (Chappell, A.L.J. Jan. 25, 2011), http://www.ftc.gov/os/adjpro/d9343/110125aljorddenyrespmo.pdf; Order Denying Respondents' Motion to Set Hearing Location, *In the Matter of Lab. Corp. of Am.*, FTC Docket No. 9345 (Chappell, A.L.J. Jan. 19, 2011), http://www.ftc.gov/os/adjpro/d9345/110119labcorporder.pdf.

Consummation of the agreement would affect customers nationwide "and not in any district in particular." *H&R Block*, 789 F. Supp. 2d. at 80. This consideration provides no basis for preferring the District of Minnesota over any other judicial district.

### F. Private Interest Factors: Convenience of the Witnesses and Parties

Graco asserts again in this context that holding the preliminary injunction hearing in Minneapolis would be more convenient for the third-party witnesses and for both Defendants than conducting this proceeding in the District of Columbia. *See* Graco's Brief Ex. 1 App. E; Ex. 2, App. B. Of course, there may be no third-party witnesses: In virtually all Section 13(b) preliminary injunction proceedings in recent years there has been no live factual testimony.[9]

Assuming for the moment that the Court does determine to hold an evidentiary hearing, for Graco's potential third-party witnesses as a group as described above, Minneapolis and the District of Columbia are about equally inconvenient. Eight of the seventeen, including those in Ohio and many in Michigan and Indiana, are closer to D.C. One appears to be equidistant between Minneapolis and D.C. And Graco has not shown any concentration of third-party witnesses in Minneapolis, so most of the witnesses would have to travel somewhere in order to testify if this Court departs from the recent trend and holds an evidentiary hearing. As for the Defendants, while one Defendant is located in Minneapolis, the others are several hundred miles away in Illinois or Ohio. ITW states that it would be more convenient for its witnesses to travel from Chicago or Toledo to Minneapolis than to travel to Washington, *See* Graco's Brief, Ex. 2, but they will have to travel, likely by plane, in either case. Thus, Graco has not shown that, if

---

[9] *See, e.g., FTC v. Laboratory Corp. of Am.*, 2011 WL 3100372 (C.D. Cal., Mar. 11, 2011); *FTC v. ProMedica Health Sys., Inc.*, 2011 WL 1219281 (N.D. Ohio, Mar. 29, 2011); *FTC v. Phoebe Putney Health Sys., Inc.*, 793 F. Supp. 2d 1356 (M.D. Ga. 2011), *aff'd*, 2011 WL 6118565 (11th Cir., Dec. 9, 2011).

relevant, the convenience of the third-party witnesses or the Defendants weighs in favor of the transfer of this case.

In addition, the Defendants themselves selected a nearby venue, Delaware, as the forum in which they would litigate any disputes between them about the Asset Purchase Agreement. They have not identified any reason why, for purposes of a contract dispute, their preferred forum out of all that are possible nationwide is Delaware, but Washington, D.C., which is closer to Minneapolis, is inconvenient in this case.

Moreover, authority in this district holds that the relevant inquiry regarding the "convenience of the witnesses" is not whether witnesses are located outside the forum of the plaintiff's choice, but whether they would be unwilling to testify in that forum. *See Cephalon*, 551 F. Supp. 2d at 28. Graco does not suggest that either the third-party witnesses or Defendants' corporate witnesses would be unwilling to testify in this district and could not be compelled to do so.

Finally, the FTC is located in Washington, D.C., it investigated this matter from its offices here, and D.C. is a far more convenient forum for the Plaintiff than Minneapolis. Moreover, trial of this matter in Minneapolis would cost the Federal Trade Commission tens of thousands of dollars more than a trial in this district. For Defendants, trial in Washington is unlikely to cost significantly more than trial in Minneapolis: While some of their witnesses are in Minneapolis, many of their attorneys are in D.C. In a time of severe federal budget constraints, imposing substantial unnecessary costs on the government should be avoided if it fairly can be. *See, e.g., U.S. v. Bowdoin*, 770 F. Supp. 2d 133, 140 (D.D.C. 2011) ("Trial in Florida, however, would place an additional burden on the Government, whose counsel are located here in the District of Columbia. Given the funding emergency facing the Government, the Court declines

at this time to treat it as an unlimited source of monies.").

For the convenience of the parties to weigh in favor of a transfer, litigating in the transferee district must be likely more convenient overall, considering all of the parties, than litigating in the forum chosen by the Plaintiff. Given the substantial additional costs for the FTC of proceeding in Minneapolis, and the balance in other aspects of the convenience of the parties, convenience of the parties does not weigh in favor of a transfer.

G. *Private Interest Factors: Access to Evidence*

Graco argues that most of the evidence in this matter is more accessible in Minneapolis than in D.C. *See* Graco's Brief at 17. This contention does not bear scrutiny. The documentary evidence in this case is in electronic form, available to anyone anywhere with authority to access it and an internet connection. D.C. counsel for all parties already have access. In an electronic world, "location of documents is increasingly irrelevant" to considerations of venue. *Fanning*, 711 F. Supp. 2d at 70; *see also H&R Block*, 789 F. Supp. 2d at 83.

Access to third-party witnesses, as already discussed, is not appreciably different in D.C. and Minneapolis. Graco's contention essentially reiterates its argument that Minneapolis would be more convenient for its company witnesses and, according to ITW, for its witnesses as well. This assertion is entitled to no more weight when styled as "Access to Evidence" than when it is called "Convenience of the Parties." In both instances, this argument is substantially outweighed by considerations relating to the Plaintiff's choice of forum, the substance of the case, and the convenience of the third-party witnesses.

III.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court deny

Defendants' motions to dismiss this case or transfer it to the District of Minnesota.


December 23, 2011                      Respectfully submitted,


                              By:
                                  PHILLIP L. BROYLES
                                  Assistant Director
                                  PETER RICHMAN
                                  MARC W. SCHNEIDER
                                  REBECCA P. DICK (D.C. Bar No. 463197)
                                  BRIAN TELPNER (D.C. Bar No. 462812)
                                  ROBERT FRIEDMAN
                                  AMANDA HAMILTON (D.C. Bar No. 499646)
                                  CATHLIN TULLY
                                  ANNA CHEHTOVA
                                  Attorneys
                                  Federal Trade Commission
                                  600 Pennsylvania Avenue, N.W.
                                  Washington, DC 20580
                                  (202) 326-2805

                                  Richard A. Feinstein (D.C. Bar No. 324848)
                                  Director
                                  Norman A. Armstrong, Jr. (D.C. Bar No. 459621)
                                  Deputy Director
                                  Federal Trade Commission
                                  Bureau of Competition

                                  Willard K. Tom (D.C. Bar No. 297564)
                                  General Counsel
                                  Federal Trade Commission

                                  *Attorneys for the Plaintiff*

16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23th day of December 2011, I served the attached on

the following counsel by electronic mail (PDF):

Richard G. Parker
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
RParker@omm.com

Counsel for Defendant Graco Inc.

J. Robert Robertson
Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Robby.Robertson@hoganlovells.com

Logan Breed
Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Logan.Breed@hoganlovells.com

Counsel for Defendants Illinois Tool Works Inc. and
ITW Finishing LLC

Amanda Hamilton (DCBN 499646)
Counsel for Plaintiff
Federal Trade Commission