IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ) | |
| v. ) | Civil Action No. No: 1:11-CV-02239 (RLW) |
| ) | |
| GRACO INC. ) | |
| ) | |
| ) | |
| ) | |
| ILLINOIS TOOL WORKS INC., and ) | |
| ILLINOIS TOOL WORKS FINISHING ) | |
| LLC, ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |
| ) | |

**REPLY TO PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO GRACO'S MOTION
TO DISMISS AND TRANSFER**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ....................................................................................................... 1

    A.    Section 13(b) Imposes Two Pre-Conditions to Any Assertion of Extra-Territorial Personal Jurisdiction .......................................................................... 1

    B.    The FTC Has Made No Showing That the Interests of Justice Require an Override of Graco's Normal Rights to Venue and Personal Jurisdiction ............ 4

    C.    The Seven Months of Investigation Conducted by the FTC Is More Than Adequate To Determine Personal Jurisdiction ................................................... 7

III.  CONCLUSION ................................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

CASES

*Abeloff v. Barth,*
    119 F.R.D. 315 (D. Mass. 1988).............................................................................5

*Butcher's Union Local No. 498 v. SDC Invest., Inc.,*
    788 F.2d 535 (9th Cir. 1986) ...............................................................................5

*Crenshaw v. Antokol,*
    287 F. Supp. 2d 37 (D.D.C. 2003).....................................................................5, 6

*FC Investment Group, LC v. IFX Markets, Ltd.,*
    529 F.3d 1087 (D.C. Cir. 2008).............................................................................3

*Fiat Motor Co. v. Alabama Imported Cars,*
    292 F.2d 745 (D.C. Cir. 1961)...............................................................................7

*Magic Toyota, Inc. v. Se. Toyota Distribs.,*
    784 F. Supp. 306 (D.D.C. 1992)...........................................................................5

*PT United Can Co. v. Crown Cork & Seal Co.,*
    138 F.3d 65 (2d Cir. 1998)............................................................................2, 3, 5

*Southmark Prime Plus, L.P. v. Falzone,*
    768 F. Supp. 487 (D. Del. 1991)...........................................................................5

*United States v. American Building Maintenance Industries,*
    422 U.S. 271 (1975)..............................................................................................4

*United States v. Columbia Steel Co.,*
    334 U.S. 495 (1948)..............................................................................................4

*United States v. Penn-Olin Chemical Co.,*
    378 U.S. 158 (1964)..............................................................................................4

*Yamaha Motor Co. v. FTC,*
    657 F.2d 971 (8th Cir. 1981) ................................................................................4

STATUTES

15 U.S.C. § 1.................................................................................................................4

15 U.S.C. § 45...............................................................................................................4

15 U.S.C. § 53(b) .........................................................................................................1

## TABLE OF CONTENTS
(continued)

|  |  | **Page** |
|---|---|---|
| 15 U.S.C. § 53(b)(2) | | 1 |
| 18 U.S.C. §§ 1961-1968 | | 1 |
| 18 U.S.C. §§ 1961 et seq. | | 2 |
| 18 U.S.C. § 1964 | | 2 |
| 18 U.S.C. § 1965(a-b) | | 2 |

**OTHER AUTHORITIES**

*Section 7 of the Clayton Act: A Legislative History*, 52 Colum. L. Rev. 766, 768 (1952) ............4

I.      INTRODUCTION

Remarkably, the Federal Trade Commission's Supplemental Memorandum fails even to acknowledge, much less discuss, Section 13(b)'s[1] pre-condition "that the interests of justice *require*"[2] the overriding of a party's venue and personal jurisdiction rights before that extreme measure can be imposed.  Nor does the FTC contest that (1) proper venue lies against all three Defendants in the District of Minnesota, or (2) that the FTC's only basis for proceeding in this District is its own convenience.  As will presently be demonstrated, those failures are fatal to the maintenance of this action in this District.

II.     ARGUMENT

    A.      Section 13(b) Imposes Two Pre-Conditions to Any Assertion of Extra-Territorial Personal Jurisdiction.

By its terms, Section 13(b) imposes two pre-conditions that must be met before personal jurisdiction can be extended to a defendant as to whom venue does not lie.  First, there has to be an initial defendant as to whom jurisdiction and venue are proper.  Second, the interests of justice must *require* that the additional defendant's venue and personal jurisdiction rights be overridden.  The statute thus provides, first, that as to any person, suit may be brought in any district where it "resides or transacts business." 15 U.S.C. § 53(b)(2).  It then goes on to provide that if "the interests of justice *require*" another person be "added as a party," the Court may do so without regard to that person's right to venue or personal jurisdiction.  *Id.*

In regard to these two pre-conditions to an imposition of extra-territorial personal jurisdiction, Section 13(b) is substantively identical to Section 1965 of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.  Section 1965 provides in relevant part:

---

[1] Section 13(b) of the Federal Trade Commission Act is found at 15 U.S.C. § 53(b) (hereinafter "Section 13(b)").
[2] Emphasis added throughout unless otherwise noted.

(a) Any civil action or proceeding under this chapter [18 U.S.C. §§ 1961 et seq.] against any person may be instituted in the district court of the United States for any district in which *such person resides, is found, has an agent, or transacts his affairs*.

(b) In any action under section 1964 of this chapter [18 U.S.C. § 1964] in any district court of the United States in which it is shown that *the ends of justice require that other parties residing in any other district* be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C. § 1965(a-b) (emphasis added).

While we have found no cases interpreting the combination of these two pre-conditions under Section 13(b), there is definitive authority under Section 1965.  That authority affords both the guiding interpretive analysis and the appropriate statutory construction applicable in this Circuit.  The leading case is the Second Circuit's decision in *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65 (2d Cir. 1998).  In affirming the dismissal of two defendants for lack of personal jurisdiction, the Second Circuit there explained:

First, § 1965(a) grants personal jurisdiction over an initial defendant in a civil RICO case to the district court for the district in which that person resides, has an agent, or transacts his or her affairs.  In other words, a civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant.

Second, § 1965(b) provides for nationwide service and jurisdiction over "other parties" not residing in the district, who may be additional defendants of any kind, including co-defendants, third party defendants, or additional counter-claim defendants. *This jurisdiction is not automatic but requires a showing that the "ends of justice" so require*.  This is an unsurprising limitation.  There is no impediment to prosecution of a civil RICO action in a court foreign to some defendants if it is necessary, but the first preference, as set forth in § 1965(a), is to bring the action where suits are normally expected to be brought.  Congress has expressed a preference in § 1965 to avoid, where possible, haling defendants into far flung fora.

*Id.* at 71-72 (emphasis added).

The analysis that underlies this construction applies equally to the substantively identical provisions of Section 13(b).  And critically, that analysis and construction were expressly

2

endorsed by the D.C. Circuit in *FC Investment Group, LC v. IFX Markets, Ltd.*, 529 F.3d 1087

(D.C. Cir. 2008).  In affirming a denial of extra-territorial jurisdiction under Section 1965, the

court there declared:

> Having considered the arguments of the parties, as well as the reasoning of our sister
> circuits on this question, we are persuaded to adopt the Second Circuit's reasoning.  In
> *PT United Can Co. Ltd. v. Crown Cork & Seal Co.*, 138 F.3d 65, 70 (2d Cir. 1998), the
> Second Circuit explained that section "1965 must be read to give effect to all its sections
> in a way that renders a coherent whole."

*Id.* at 1099.  And the D.C. Circuit proceeded to follow that pronouncement with a full quotation

of the Second Circuit's reasoning, including *all* of the language previously quoted. *See id.* at

1099-1100.

Application of this rationale to Section 13(b) makes clear that *both* of its statutory pre-

conditions need to be satisfied before venue and extra-territorial personal jurisdiction may be

imposed.  Yet the FTC's Supplemental Memorandum is directed entirely to the first pre-

condition without so much as an acknowledgement of the second.  Thus, the FTC argues at

length the conceded proposition that ITW, Inc. is both a "proper" party and subject to personal

jurisdiction in the District.[3]  But the only difference between the Defendants and the FTC

concerns the nature and not the existence of that presence.  While the Defendants concede

---

[3] The FTC makes no argument that ITW Finishing, LLC [hereafter "ITW Finishing"] resides or does business in
this District.  Apart from its effort to have the Court impose extra-territorial jurisdiction under Section 13(b), it
argues only that ITW Finishing is estopped from denying personal jurisdiction by reason of the October 13, 2011
Breed letter. *See* Pl.'s Suppl. Opp'n to Def. Graco's Mot. to Dismiss or Transfer ("Pl.'s Suppl. Opp.") Ex. 2, ECF
No. 43.  Contrary to the FTC's strained interpretation, the letter is unambiguous and speaks for itself.  "ITW" is
defined in the initial paragraph of the letter as ITW Inc.  Moreover, the FTC should not have assumed that ITW
Finishing would consent to jurisdiction in this District because the sales data provided to the FTC clearly show *de
minimis* sales of ITW Finishing products in the District.  Finally, the ITW parties' counsel explained to the FTC
staff multiple times during telephone conversations prior to the October 13 letter that ITW Inc. does business in
Washington, DC, but that ITW Finishing has no appreciable sales in this District.  The FTC staff chose to ignore
those statements and failed to respect the corporate structure of the ITW businesses, proceeding as if they were a
single entity throughout the seven-month investigation.  The FTC's now-admitted failure to differentiate
adequately between ITW Inc. and ITW Finishing does not mean that it can use its own neglect to obtain
jurisdiction over ITW Finishing, much less Graco.

equity jurisdiction, the FTC insists that Section 5[4] jurisdiction lies as well.[5] But as the

Defendants pointed out in their Supplemental Memorandum, whether or not Section 5 extends

to one or both of the ITW parties is ultimately immaterial to the instant motion. *See* Defs.'

Suppl. Mem. in Support of Graco's Mot. to Dismiss & Transfer ("Defs.' Suppl. Mem.") at 7,

ECF No. 41. The determinative issue concerns Section 13(b)'s second pre-condition and

whether the FTC has made a showing sufficient to satisfy its "interests of justice" requirement.

With respect to that pre-condition, the *nature and quality* of the ITW parties' presence *is*

relevant. It is accordingly to that pre-condition to which we now turn.

> B.     The FTC Has Made No Showing That the Interests of Justice Require an
>        Override of Graco's Normal Rights to Venue and Personal Jurisdiction.

In weighing the "ends of justice" requirement under RICO, courts have given prominent

consideration to whether or not there is another district in which venue and personal jurisdiction

---

[4] Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45.

[5] The FTC advances *Yamaha Motor Co. v. FTC*, 657 F.2d 971 (8th Cir. 1981) as judicial support for its administrative position that Section 5 of the FTC Act extends the Clayton Act's Section 7 reach to a market-exiting seller of assets. *See* Pl.'s Suppl. Opp. at 3-4. But *Yamaha* involved the formation of a joint venture in which the "seller" and "buyer" received equal ownership and entered anticompetitive collateral agreements. *Yamaha Motor Co.*, 657 F.2d at 974, 981. Thus, the "seller" was also an "acquirer" of and participant in the challenged joint venture. In those circumstances, the "seller" did not even contest Section 5's applicability. *See id.* at 982-83.

Even more perplexing is the FTC's citation to *United States v. American Building Maintenance Industries*, 422 U.S. 271 (1975). That case concerned Clayton Act Section 7's "in commerce" requirement, did not name the seller, and was lost by the government. Indeed, in the footnote to which the FTC cites, the Court stated that "[w]e have no occasion in the case now before us to decide whether application of § 5 to assets acquisitions by or from noncorporate business entities constitutes an appropriate exercise of that power." *Id.* at 279 n.7. Defendants accordingly stand by their position that there is no case that judicially confirms the FTC's administrative position that Section 5 extends the reach of Section 7 to a market-exiting seller of assets. All that said, the ultimate resolution of the issue is immaterial to the instant motion.

As to the Sherman Act, 15 U.S.C. § 1, no such claim is pleaded in the FTC's complaint. And as to its "principles" merging into Section 5, to be unlawful under the Sherman Act, a non-*per-se*-illegal agreement, must constitute an unreasonable restraint of trade. *United States v. Columbia Steel Co.*, 334 U.S. 495 (1948). Indeed, it was that high standard that underlay Congress's 1950 amendment of Clayton Act Section 7 to include an acquisition of assets. *See* Note, *Section 7 of the Clayton Act: A Legislative History*, 52 Colum. L. Rev. 766, 768 (1952). As pointed out by the Supreme Court in *United States v. Penn-Olin Chemical Co.*, 378 U.S. 158, 170-71 (1964), "[t]he grand design of [Section 7] was to arrest incipient threats to competition which the Sherman Act did not ordinarily reach." The FTC's complaint does not allege either an agreement in unreasonable restraint of trade or the necessary elements of such a restraint. No Sherman Act claim is accordingly embraced in the FTC's pleaded Section 5 claim. But, once again, whether the complaint asserts a viable Section 5 claim against the ITW parties is immaterial to the instant motion.

would lie as to all parties. *See, e.g., PT United Can Co.*, 138 F.3d at 72 n.5 (referencing the district court "finding the 'ends of justice' to refer to a case in which there is no district with personal jurisdiction over all defendants"); *Crenshaw v. Antokol*, 287 F. Supp. 2d 37, 42 (D.D.C. 2003) ("courts consider whether there exists an alternative forum where venue is proper"); *Magic Toyota, Inc. v. Se. Toyota Distribs.*, 784 F. Supp. 306, 311 (D.D.C. 1992) ("the existence of another district in which all of the defendants would be subject to personal jurisdiction is an important factor to consider"); *Southmark Prime Plus, L.P. v. Falzone*, 768 F. Supp. 487, 491 (D. Del. 1991) ("First, if there is a district where venue is proper as to every RICO defendant, without resort to § 1965(b), under normal circumstances, a court in a different district will not further the ends of justice if it exercises its discretion under § 1965(b) to bring the same litigants into a district where venue would not otherwise have been proper.").

Indeed, there is authority that the non-existence of any common forum is the only circumstance that justifies a personal jurisdiction override. *See Butcher's Union Local No. 498 v. SDC Invest., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986) ("For nationwide service to be imposed under section 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators."). Even courts that do not follow the *Butcher's Union* absolute rule weigh heavily whether or not there is another district in which venue and personal jurisdiction lies as to all parties. *See Abeloff v. Barth*, 119 F.R.D. 315, 329-30 (D. Mass. 1988) (the *Butcher's Union* "rule is not absolute," but "countervailing extraordinary circumstances" are needed to overcome it). Here, of course, a common forum is available as all three Defendants are subject to personal jurisdiction and venue in the District of Minnesota.

Additional factors considered by this District in determining whether "justice" requires an override of venue and personal jurisdiction rights include "the location of the parties, witnesses, [and] records," the location of the "acts or omissions giving rise to the claim[s]," and whether an override of "venue would promote the orderly and expeditious disposition of the case." *See Crenshaw*, 287 F. Supp. 2d at 41-42. Here, the parties, their distributors, and the ultimate manufacturer-customers are predominantly clustered in the United States' Midwest industrial heartland; none resides in this District. And it is from among these that the trial witnesses will almost certainly come. As to the location of relevant records, Graco's are in Minnesota while the ITW parties' are in Illinois. None of the acts in issue occurred in this District (the Asset Purchase Agreement was entered in Minnesota). Nor are any of the assets subject to the acquisition located in the District. And, finally, an overriding of Graco's rights to venue and personal jurisdiction "would not promote the expeditious disposition of the case" because, as in *Crenshaw*, the case "remains at the preliminary stages of litigation." *Id.* at 44.

Moreover, whether or not Section 5 is ultimately determined properly to extend to a seller of assets, the FTC has not refuted the defendants' showing that such a claim presents no issue of fact or legal analysis that is not subsumed in the complaint's overarching claim that the proposed acquisition constitutes a Section 7 violation by Graco. *See* Defs. Suppl. Mem. at 4-6. At bottom, the FTC is asking the Court to determine that "justice" requires that the only Defendant charged with the controlling violation be denied its venue and personal jurisdiction rights despite the absence of any supportive showing. Indeed, the only consideration the FTC has advanced is the convenience of the government. Under any reasonable weighing of "justice," that is patently insufficient.

6

C.     The Seven Months of Investigation Conducted by the FTC Is More Than
       Adequate To Determine Personal Jurisdiction.

The FTC does not seriously contend that the record supports Graco's direct subjection to

personal jurisdiction in this District.[6] But the FTC asks that this proceeding be held in abeyance

while it is provided leave to conduct additional jurisdictional discovery.

In a setting where time is critical to the sustainability of the transaction, and where the

FTC, armed with the equivalent of full subpoena power, has been actively investigating the

proposed acquisition for more than seven months,[7] that request is beyond overreaching.  If the

FTC is unable to support its assertion of jurisdiction after some seven months of inquiry, the

notion that an additional period of discovery will somehow enable it to overcome Graco's

definitive jurisdictional showing defies reason.  The time for initiation of fishing expeditions

has long passed.

III.    CONCLUSION

For the foregoing reasons, together with the reasons advanced in Defendants' previous

briefing on this motion, Graco and ITW Finishing are not subject to personal jurisdiction or

venue in this District, and Graco's motion to transfer to the District of Minnesota should be

granted.

.

---

[6] The FTC cites *Fiat Motor Co. v. Alabama Imported Cars*, 292 F.2d 745 (D.C. Cir. 1961) for the proposition that it can reach back through distributors in the District to establish personal jurisdiction over a manufacturer.  But the FTC overlooks the determinative facts of the *Fiat* decision.  The court there found that the defendants' contacts with the District were of a "substantial, continuing, and directory nature." *Id.* at 747.  Moreover, the "cause of action upon which the suit [was] based [arose]" from the contacts at issue, Fiat's control over its wholesale distributor under its Distributor Sales Agreement. *Id.*  Here, in contrast, Graco has shown that its contacts with the District are limited to *de minimis* shipments to the branch office of an independent distributor and that those shipments all involve product not relevant to this action.
[7] The FTC issued its Second Request to the parties on July 5, 2011.  Pl.'s Suppl. Opp. Ex. 4 at 1.

DATED: January 17, 2012

Respectfully submitted,

RICHARD G. PARKER (DCBN 327544)
MICHAEL E. ANTALICS (DCBN 475218)

O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)

Of Counsel:

JOHN H. HINDERAKER
RICHARD A. DUNCAN

Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
(612) 766-1600 (fax)

Attorneys for Graco Inc.

J. ROBERT ROBERTSON (DCBN 501873)
LOGAN BREED (DCBN 479628)

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600

Attorneys for Illinois Tool Works Inc. and Illinois
Tool Works LLC

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2012, I have caused the foregoing Reply to Plaintiff's Supplemental Opposition to Graco's Motion to Dismiss and Transfer to be filed with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to counsel registered with that system.

KATRINA M. ROBSON (DCBN 989341)
Attorney for Graco Inc.
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)